UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASCENSION ORTHOPEDICS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-4033 |
| | § | |
| CURASAN, AG, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Ascension Orthopedics, Inc.'s application to vacate arbitration award and curasan, AG's cross motion to vacate a portion of the arbitration award.[1] Dkts. 13, 20. After reviewing the parties' motions, responses, and replies, the arbitration award, the parties' contract, and the supplemental briefing requested by the court, the motions are DENIED and the arbitration award is CONFIRMED.

**BACKGROUND**

Curasan and Ascension entered into a contract in June, 2004, titled *International Distribution and Marketing Agreement* ("IDMA"). Dkt. 13, Ex. 1, Findings of Fact ¶ 20. The IDMA made Ascension the exclusive United States distributor of curasan products.[2] In exchange, Ascension agreed to purchase a minimum amount of product each year for the first two years. *Id*. ¶¶ 15, 17. Ascension failed to meet the first year's minimum purchase requirements. *Id.* ¶ 24. Thus, Ascension

---

[1] The court notes that curasan, AG does not capitalize its name. Therefore, the court respects curasan's choice except where it conflicts with other basic rules of capitalization. While curasan did not submit a separate motion, it requested relief in its brief in opposition to applicant's motion to vacate arbitration award. Dkt. 20. Therefore, the court considers that request as curasan's cross motion.

[2] Curasan manufactures the Cerasorb family of products, which is used in bone regeneration procedures. *Id*. at 2.

breached the IDMA.  *Id.* ¶ 33.  Upon Ascension's breach, curasan initiated arbitration proceedings where Ascension was ultimately found liable in the net amount of $354,375.01 to curasan.  Dkts. 25 at 8, 13, Ex. 1, Conclusions of Law ¶ 18.  The arbitrators awarded $528,339 in lost profits to curasan and offset that amount by $173,964 which curasan owed to Ascension to repurchase the inventory in Ascension's possession.  Dkt. 13, Ex. 1, Conclusions of Law ¶¶ 14, 17.

The IDMA contained language which expanded the allowable scope of review under the FAA pursuant to Fifth Circuit precedent valid at the time of the IDMA's execution.[3]  *See Action Indus., Inc. v. United States Fid. & Guar. Co.*, 358 F.3d 337, 341 (5th Cir. 2004).  Therefore, under the terms of the contract, Ascension filed an application in Texas state court to vacate in part the arbitration award pursuant to Texas law.  Dkt. 1, Ex. A.  Curasan removed the case to this court pursuant to diversity jurisdiction and requested the court vacate the entire award if it were inclined to vacate in part.  Dkts. 1, 20.

On March 26, 2008, this court ruled on the pending motions, granted them, and vacated the arbitration award for errors of law.  Dkt. 27.  However, the court later became aware that, on March 25, 2008—the day before the order issued in this case—the United States Supreme Court had issued

---

[3]  The arbitration clause in the IDMA reads in relevant part:

> All disputes and controversies relating to the interpretation and performance of this Agreement that cannot be resolved by amicable negotiation shall be resolved by arbitration.  If [Ascension] initiates a claim, the arbitration shall be held in Frankfurt, Germany, in accordance with the rules of the International Chamber of Commerce.  If the claim is initiated by [curasan], arbitration shall be held in Houston, TX, U.S.A. in accordance with the rules of the American Arbitration Association.
>
> • • •
>
> Each party agrees that the award may be appealed in the courts of the place of arbitration for errors of law but not for findings of fact.  Each party agrees to promptly comply with the award and consents to jurisdiction in the courts of any country where the losing party is doing business.

IDMA, Section XIII, ¶ 2, Dkt. 13.

an opinion in *Hall Street Associates, L.L.C. v. Mattel, Inc.* changing the allowable scope of review under the FAA.  128 S.Ct. 1396 (2008).  This court immediately vacated its order of March 26, 2008 and requested further briefing from the parties on the impact—if any—of *Hall Street* on the instant case.  Dkt. 28.  The parties have submitted their briefing and for the reasons discussed below, the award is confirmed.

## ANALYSIS

Ascension and curasan are before the court disputing the arbitration award.  Dkt. 13, Ex. 1. As a threshold matter, the parties disagree over the scope of review the court should use in examining the arbitration award.[4]  Curasan now argues under several different theories that the FAA applies to the arbitration agreement.  Dkt. 30.  Since *Hall Street* held that the vacatur standard outlined in § 10 of the FAA is exclusive for reviewing awards under the FAA, curasan contends that the court may not undertake the expanded review for which the parties contracted.  *Id.*  Ascension counters that it applied for vacatur under Texas law, and therefore the court should allow the expanded scope of review for which the parties contracted under the Texas General Arbitration Act. Dkt. 29.  Alternatively, Ascension contends that Texas Common law arbitration doctrine dictates that the award should be vacated based on the theory of "gross mistake."  *Id.*  However, the court finds that regardless of which of the three vacatur standards are employed, the arbitration award, although flawed, must be confirmed.

**A.    The Federal Arbitration Act**

If §§ 9 and 10 of the FAA apply to the review of the award in this case—and it is highly unlikely that they do—the Supreme Court's decision in *Hall Street* is unequivocal that the grounds

---

[4] Until the opinion in *Hall Street*, the fact that the court could review the award for errors of law was not in dispute.

3

upon which vacatur may be based as listed in § 10 are exclusive. *Hall St.*, 128 S.Ct. at 1403 ("We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification."). Section 9 directs that "the court must grant such an order [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. And the grounds under § 10 permitting vacatur are:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Neither party argues that the arbitrators committed any of the misconduct enumerated above and nothing in the record suggests otherwise. Therefore, if the court were reviewing the award under the FAA, the award would be confirmed.

**B.    The Texas General Arbitration Act**

If the award were being review under the TGAA, the results would be the same. TEX. CIV. PRAC. & REM. CODE § 171.001 *et seq.* The TGAA states that "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party shall confirm the award." § 171.087. Section 171.088 sets out the grounds for vacatur as follows:

4

   (a) On application of a party, the court shall vacate an award if:

      (1) the award was obtained by corruption, fraud, or other undue means;

      (2) the rights of a party were prejudiced by:
         (A) evident partiality by an arbitrator appointed as a neutral arbitrator;
         (B) corruption in an arbitrator; or
         (C) misconduct or wilful misbehavior of an arbitrator;

      (3) the arbitrators:
         (A) exceeded their powers;
         (B) refused to postpone the hearing after a showing of sufficient cause for the postponement;
         (C) refused to hear evidence material to the controversy; or
         (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

      (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, [FN1] and the party did not participate in the arbitration hearing without raising the objection.

§ 171.088. Again, neither party argues that the arbitrators have committed any of the misconduct enumerated in the statute nor does the record demonstrate any such misconduct.

    Instead, Ascension argues that Texas courts have cited Fifth Circuit case law allowing for expanded scope of review with favor. Dkt. 29 (citing *Gateway Techs., Inc. v. MCI Telecomms. Corp.*, 64 F.3d 993 (5th Cir 1995) *abrogated by Hall Street*, 128 S.Ct. 1396 (2008)). However, even if *Gateway* and the other Fifth Circuit cases that echo it are still good law for the proposition that parties can contract to expand the scope of review—just not under the FAA—Texas courts have not cited it for that proposition. Instead, the Texas cases cited by Ascension cite *Gateway* with favor while construing the FAA, not the TGAA. *Id.* (citing *Mariner Fin. Group. v. Bossley*, 79 S.W.3d 30, 36 n.4 (Tex. 2002); *Bison Bldg. Materials, Ltd. v. Aldridge*, No. 01-05-00330, 2006 WL 2641280, at *4, *7 (Tex.App.–Houston [1st Dist] Sep. 14, 2006, no pet.): *Tanox, Inc. v. Akin, Gump,*

5

*Strauss, Hauer & Feld*, 105 S.W.3d 244, 250 (Tex.App.–Houston [14th Dist.] 2003, pet. denied)). Ascension has failed to cite any Texas case citing *Gateway* and its ilk for the proposition that the vacatur standard under the TGAA may be expanded by contract. Moreover, the Texas Supreme Court has essentially foreclosed such an argument stating that "[t]he statutory grounds allowing a court to vacate, modify, or correct an award are limited to those the [TGAA] expressly identifies." *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002). Therefore, reviewing the award under the TGAA vacatur standard, the court would confirm the arbitrators' award.

**C.     Texas Common Law Arbitration**

Lastly, Ascension argues that neither the FAA nor the TGAA displace common law arbitration in Texas. And, Ascension urges the court to vacate the award under the common law "gross mistake" theory. Gross mistake is a common law ground for vacating an arbitration award but only on a showing by the party seeking to set aside the award that the arbitrators acted with "bad faith or [a] failure to exercise honest judgment" rendering the award arbitrary and capricious. *Callahan*, 92 S.W.3d at 844; *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex.App–Dallas 1987, writ ref'd n.r.e.). "An honest judgment made after due consideration given to conflicting claims, however erroneous, is not arbitrary and capricious." *Universal Computer Sys., Inc. v. Dealer Solutions, L.L.C.*, 183 S.W.3d 741, 752 (Tex.App.–Houston [1st. Dist.] 2005, pet. denied). "Review is so limited that a court may not vacate an arbitration award even if it is based upon a mistake of fact or law." *Id.*

In the instant case, the arbitrators were faced with a choice of divergent paths of law. That this court would have taken the other path is simply not enough to demonstrate any bad faith on the

part of the arbitrators. Nothing in the record suggests that the arbitrators did not give due consideration to the choices they made. And, Ascension bears the burden of demonstrating "gross mistake" to the court. *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 267 (Tex.App.–Houston [14th Dist.] 1995, no writ). Ascension has failed to meet this burden and therefore under a common law review, the award would be confirmed. Accordingly, under any of the three legal theories presented, the award is CONFIRMED.

## CONCLUSION

Pending before the court is Ascension Orthopedics, Inc.'s application to vacate arbitration award and curasan, AG's cross motion to vacate a portion of the arbitration award. Dkts. 13, 26. Upon consideration of the vacatur standards under the FAA, the TGAA, and Texas common law, and in light of the Supreme Court's recent ruling in *Hall Street*, the motions are DENIED and the arbitration award is CONFIRMED.

It is so ORDERED.

Signed at Houston, Texas on May 14, 2008.

_____
Gray H. Miller
United States District Judge